LESTER & WITCHER ABSTRACT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10928, 26815.    Filed January 31, 1957.

*James Monroe Walker, Esq.*, for the petitioner.
*Douglas M. Moore, Esq.*, for the respondent.

### OPINION.

BRUCE, *Judge:* Respondent has stipulated that petitioner commenced business during the base period. This fact qualified petitioner for relief under section 722 (b) (4), Internal Revenue Code of 1939, and petitioner is entitled to reconstruct its average base period net income under the 2-year push-back rule. But the existence of the "qualifying factor" is only the initial step toward relief. *Union Parts Mfg. Co.*, 24 T. C. 775. To be entitled to any of the relief sought, petitioner must establish a fair and just amount representing normal earnings to be used as a constructive average base period net income, which would result in excess profits credits, based on income, greater than those allowed by the respondent under the invested capital method. *Green Spring Dairy, Inc.*, 18 T. C. 217, affd. 208 F. 2d 471; *Jackson-Raymond Co.*, 23 T. C. 826 (1955). Petitioner has failed to meet this burden.

Petitioner has submitted a proposed reconstruction which results in a constructive average base period net income of $7,391.18. Petitioner obtained this figure by first computing the net average earnings per employee per year of other oil abstracting companies operating in Illinois, Indiana, and Oklahoma over the period 1936 to 1939, inclusive. Petitioner then multiplied this average net earnings per employee figure by its own average number of employees per year for the years 1940 to 1943, inclusive, to arrive at the average net income per year that it allegedly would have received if it had commenced business earlier.

There is considerable doubt, aside from the evidentiary question hereinafter discussed, whether the reconstruction proposed by petitioner could be approved in view of the differences in the economic and geographic conditions existing in the oil abstracting business in Mississippi as compared to those existing in such business in Illinois, Indiana, and Oklahoma. Of particular significance are the differences between shallow and deep well fields, the length of time such fields have been operating and the amount of "oil play" involved, and more especially the fact that, prior to the discovery of the Tinsley field in August 1939, there was little or no market for services such as petitioner rendered. Discussion of these factors is deemed unnecessary, however, in view of the fact that the evidence upon which petitioner predicates its computation was never admitted at the hear-

ing. Petitioner did not produce the books and records of the other abstracting companies nor did petitioner make any showing that these books and records were unavailable. In fact, the testimony of petitioner's principal witness indicated that at least some of the original records were available. Since no foundation for the introduction of secondary evidence was laid, petitioner's attempt to introduce extracts of the original records and testimony as to the contents of the original records of other abstracting companies was rejected and respondent's objections to the introduction of such evidence were sustained. See 4 Wigmore, Evidence, secs. 1185, 1192 (3d ed. 1940). Furthermore the data contained in petitioner's administrative claims for relief, Form 991, consisted of correspondence from other abstracting companies subject to the same evidentiary objections. These forms, although admitted into evidence, were admitted solely for the purpose of showing that such applications for relief were made. Nothing contained in these exhibits is evidence of the accuracy of the constructive average base period net income claimed by petitioner, and the presence of these documents in the record does not support petitioner's contention in any manner. For the foregoing reasons, it is held that petitioner has failed to establish a fair and just amount representing its prospects for normal earnings if it had commenced business in Mississippi 2 years earlier, and that respondent did not err in denying petitioner relief under section 722 (b) (4).

Petitioner's claims for relief under section 722 (b) (2) and (5) were not set forth as grounds for relief in any of petitioner's administrative applications and are accordingly beyond the scope of review by this Court. *Blum Folding Paper Box Co.*, 4 T. C. 795 (1945); *Wadley Co.*, 17 T. C. 269 (1951). Also, since the petitioner commenced business and was in existence prior to January 1, 1940, it does not qualify for relief under the provisions of section 722 (c), Internal Revenue Code of 1939. *Flotill Products, Inc.*, 26 T. C. 222. See Bulletin on Section 722, p. 142.

Reviewed by the Special Division.

*Decisions will be entered for the respondent.*